UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-80038-CANNON

UNITED STATES OF AMERICA

    vs.

ROBERT CLARK

              **Defendant**
_____/

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE**

The United States respectfully opposes Defendant Robert Clark's motion for a downward variance and provides this supplemental response to the Government's response filed on June 28, 2024.

In imposing a sentence, this Court must "acknowledge that it considered the § 3553 factors." United States v. Amedeo 487 F.3d 823, 833 (11th Cir. 2007). "Of course, a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." Concepcion v. United States, 597 U.S. 481, 501 (2022).

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In determining that sentence, this Court must consider "the nature and

circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the kinds of sentences available," § 3553(a)(3), the Guidelines and Guideline range, § 3553(a)(4), the Guidelines' policy statements, § 3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and "the need to provide restitution to any victims of the offense," § 3553(a)(7). Here, a sentence within the adjusted Guideline range is supported by the § 3553(a) factors for several reasons.

### A.     The Nature and Circumstances of the Offense Support a Sentence of Imprisonment Within the Adjusted Guidelines Range

The Defendant's offense is a very serious one: he utilized illegal marketer payments to receive approximately $15 million from Medicare. Although the Defendant was not the leader of the conspiracy, he was an essential member as the named owner of Clear Choice Diagnostics, Inc. ("Clear Choice") and the signatory on the Clear Choice bank accounts. The Defendant's conspiracy perfectly illustrates why Congress criminalized the payment of health care kickbacks: providing huge financial rewards to steer health care business often creates incentives to generate referrals for services that drain health insurance dollars.

The Guidelines here take account of the general nature of the offense as involving kickbacks in the base offense level. They further take account of the specific circumstances of the offense by increasing the offense level based on the value of the benefit conferred as a result of the kickbacks — that is, the amount Medicare paid on account of the tests the Defendant generated. That increase properly reflects the harm the Defendant caused. In sum, the Guidelines calculation reflects "the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A).

### B. The Defendant's History and Characteristics Do Not Offer Mitigation That Would Support a Downward Variance

A Guidelines sentence is also supported by "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The PSR reflects that the Defendant experienced a generally stable life, with biological parents who met his basic needs, despite some financial insecurity. Although the Defendant developed a drug addiction, he successfully completed residential treatment, and therefore had the tools to succeed in a legitimate career. His personal history does not mitigate his choice to participate in a health care fraud conspiracy.

### C. A Term of Imprisonment Within the Adjusted Guideline Range Will Promote Deterrence

The Defendant credibly identifies several considerations to indicate that he is at a low risk of recidivism and does not need specific deterrence. However, even if this Court could be sure that the Defendant will not resume his criminal activities, a sentence within the advisory Guidelines range is needed "to afford adequate deterrence to criminal conduct" by other potential offenders. 18 U.S.C. § 3553(a)(2)(B). As the Seventh Circuit has observed, there is a particular general deterrence consideration for white collar criminals. See United States v. Brown, 880 F.3d 399, 405 (7th Cir. 2018) ("We previously have endorsed the idea that white-collar criminals act rationally, calculating and comparing the risks and the rewards before deciding whether to engage in criminal activity. They are, therefore, prime candidates for general deterrence.") (citations and internal quotations marks omitted); see also United States v. Musgrave, 761 F.3d 602, 609 (6th Cir. 2014) ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.") (citations and internal quotation marks omitted).

A sentence within the Adjusted Guideline Range would send a message to others deciding whether to engage in health care fraud conspiracies that their conduct would constitute a serious offense with serious consequences.

### D. Pertinent Policy Statements Disfavor a Downward Variance

The Patient Protection and Affordable Care Act ("PPACA") provides evidence of congressional intent in the area of health care fraud offenses that supports imposing a sentence within the Adjusted Guideline Range. The PPACA specifically provided for increased sentences for health care fraud offenses. See Pub. L. No. 111-148, § 10606(a) (2010). The PPACA further required the Sentencing Commission to ensure that the Federal Sentencing Guidelines and policy statements (1) "reflect the serious harms associated with health care fraud and the need for aggressive and appropriate law enforcement action to prevent such fraud," and (2) "provide increased penalties for person convicted of health care fraud offenses in appropriate circumstances." Id. § 10606(a)(3). Varying downward here would undermine that intent. See, e.g., United States v. Saleh, 257 F. App'x 740, 744–45 (5th Cir. 2007) (observing that the district court's sentence below the Guidelines sentence in a fraud case "could be seen as expressing a special, lenient sentencing regime for white collar criminals").

### E. A Sentence Within the Adjusted Guideline Range Will Avoid Unwarranted Sentencing Disparities

Finally, imposition of a sentence within the Adjusted Guideline range best serves "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In creating the Guidelines, "Congress sought uniformity in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct." Rita v. United States, 551 U.S. 338, 349 (2007). The Guidelines "help to avoid excessive sentencing disparities," Kimbrough v. United States, 552 U.S.

85, 107 (2007), because "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges," Gall v. United States, 552 U.S. 38, 54 (2007); see United States v. Buncich, 20 F.4th 1167, 1176 (7th Cir. 2021). Sentencing within the Guidelines range avoids "creat[ing] a potential disparity in sentence for those convicted of [the same crime] in New Jersey, and across the country, based on little, if anything, more than the luck of which judge is assigned to a particular case." Goff, 501 F.3d at 261.[1]

## CONCLUSION

A full assessment of the 18 U.S.C. § 3553(a) factors does not warrant a downward variance, and the Defendant's motion should be denied.

Dated: July 28, 2024

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: */s/ S. Babu Kaza*
S. Babu Kaza
Trial Attorney
Florida Special Bar No. A5503027
United States Department of Justice
Criminal Division, Fraud Section

---

[1] With respect to the information filed by Defendant under seal, see Docket No. 25 at 2-3, 9-10, those facts are not ripe for the Court's consideration.